## ADKINS–POLK & CO. v. G. AMSINCK & CO.

(Circuit Court of Appeals, Fifth Circuit. December 30, 1925. Rehearing Denied January 29, 1926.)

No. 4620.

1. **Appeal and error** ☞730(2)—Noncompliance with rule held to justify refusal to consider assignments of error to general charge.

Noncompliance with Circuit Court of Appeals rule 11, requiring portions of general charge complained of to be set out in assignment of error totidem verbis justifies refusal to consider such assignments.

2. **Trial** ☞260(1)—Refusal of requested special charges, covered by general charge, is not error.

Refusal of requested special charges, covered by general charge, is not error.

3. **Appeal and error** ☞977(5)—New trial ☞6—Refusal of new trial is within discretion of trial judge, and error cannot be assigned thereon.

Refusal of new trial is within discretion of trial judge, and error cannot be assigned thereon.

In Error to the District Court of the United States for the Northern District of Texas; W. Lee Estes, Judge.

Action by G. Amsinck & Co. against Adkins-Polk & Co. Judgment for plaintiff, and defendant brings error. Affirmed.

Webster Atwell, of Dallas, Tex., for plaintiff in error.

Geo. T. Burgess, of Dallas, Tex. (Joseph D. Redding and Joseph A. Spray, both of San Francisco, Cal., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was a suit at law, brought in the District Court by defendant in error to recover damages for a partial breach of a contract for the sale and delivery of 500 short tons of white granulated sugar, alleged to have been caused by the refusal of plaintiff in error to receive and pay for some 57 tons of said sugar. The parties will be referred to as they appeared in the District Court. Defendant admitted the original contract, but pleaded a modification and settlement in full in accordance therewith. The case went to the jury, and resulted in a verdict for plaintiff in the sum of $7,980, on which judgment was entered.

The only errors assigned are to the refusal of three special charges requested by defendant and to parts of the general charge of the court, embraced in two assignments, and to the refusal of a new trial. The record is unsatisfactory. The bill of exceptions does not follow the logical order of the trial, and it is difficult to find therein a basis for the contentions of defendant. Furthermore, the entire evidence is brought up, comprising nearly 100 pages of the printed transcript, a wholly useless and unnecessary proceeding, in view of the errors assigned.

[1] In assigning error to portions of the general charge, defendant has not complied with rule 11 of this court, which requires the portion of the charge complained of to be set out in the assignment of error totidem verbis. It appears from the bill of exceptions that defendant excepted to five distinct portions of the charge. We are unable to

determine from the assignments of error which of these excerpts is relied on. In fact, it would appear that none of them is, and that error is alleged either to the whole charge or several portions which do not seem to have been excepted to. This illustrates the wisdom of the rule, requiring that the portion of the charge excepted to be set out totidem verbis. We have repeatedly called this rule to the attention of the bar, and in this case we feel justified in disregarding the assignments of error to the general charge.

[2] With regard to the special charges refused, it is sufficient to say the charge of the court, which appears in the record, fully covered the law and the facts of the case, and left the issues fairly to the jury. The special charges requested, in so far as they are applicable to the case, were covered by the general charge.

[3] It is elemental that the refusal of a new trial is within the sound discretion of the trial judge, and error cannot be assigned to his action thereon.

No error appearing on the record, the judgment appealed from is affirmed.